| | |
|---|---|
| IN RE: | )<br>)<br>) |
| Sherri A. Brooks, | )<br>) Case No. 24-80294-CRJ13 |
| and | )<br>) |
| Amanda M. Brooks, | )<br>) |
| *Debtors.* | )<br>) |
| Sherri A. Brooks, | )<br>)<br>) |
| *Plaintiff,* | )<br>) |
| v. | ) AP No. _____.<br>) |
| Freedom Debt Relief, LLC, | )<br>) |
| *Defendant.* | )<br>) |

## **COMPLAINT**

Sherri A. Brooks ("Plaintiff") seeks (1) to avoid a pre-petition transfer of property, and for damages arising from (2) the restrictions imposed on debt relief agents under § 526 of the Bankruptcy Code, (3) violations of the Alabama Deceptive Trade Practice Act, and (4) breach of fiduciary duties.

## INTRODUCTION

1. This action first seeks to avoid pre-petition transfers of property from Plaintiff to Freedom Debt Relief, LLC ("Defendant") wherein Plaintiff received less than equivalent value from Defendant.

2. Second, this action alleges that Defendant did not provide Plaintiff with the notices required of debt relief agents under the Bankruptcy Code.

3. Lastly, this action seeks damages for Defendant's pre-petition actions which constitute numerous violations of the Alabama Deceptive Trade Practices Act.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this claim pursuant to the provisions of 28 U.S.C. § 1334, in that this proceeding arises in and is related to the above-captioned Chapter 13 case and concerns property of the debtors in that case.

5. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2).

6. This Court has supplemental jurisdiction to hear all state law claims alleged herein pursuant to 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1301.

## PARTIES

8. Sherri Brooks ("Plaintiff") is a co-debtor under Chapter 13 of Title 11 of the United States Code in case no. 24-80294-CRJ13.

9. Freedom Debt Relief, LLC ("Defendant"), is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business located at 1875 South Grant Street, Suite 400, San Mateo, CA 94402.

10. Defendant is authorized to do business—and indeed does business—in the State of Alabama.

11. Defendant has substantial and continuous business contacts with the State of Alabama, including but not limited to providing "debt management" services to consumers residing in the State of Alabama.

12. Defendant is a "debt relief agent" as that term is defined by 11 U.S.C. 101(12A).

## FACTUAL ALLEGATIONS

13. Plaintiff filed her Chapter 13 plan on April 29, 2024. Plaintiff filed her bankruptcy along with her spouse and co-debtor, Amanda Brooks. Amanda Brooks is not a party to this adverse proceeding.

14. Plaintiff's Chapter 13 plan was confirmed on June 10, 2024, by order of this Court.

15. Before this, on approximately November 12, 2020, Plaintiff entered into an agreement with Defendant. This agreement required Plaintiff to remit monthly payments to Defendant who would use that money to ostensibly negotiate settlements with Plaintiff's creditors (the "Agreement").

16. Plaintiff entered into the Agreement based on Defendant's representations that Plaintiff would not have to file for bankruptcy relief if she agreed

to permit Defendant to eliminate her debts through Defendant's exclusive debt settlement program.

17. Plaintiff knew that she could not pay her credit card debts in full due to the interest and fees tacked on each month and hoped Defendant could help lower the total amounts due and lower her interest rates.

18. In connection with this Agreement, Defendant failed to provide written notices required by 11 U.S.C. 342(b)(1).

19. At no time during the parties' initial meeting—or within three business days thereafter—did Defendant provide Plaintiff with a clear and conspicuous notice that:

    a. All information had to be complete, accurate, and truthful;

    b. All assets had to be completely and accurately disclosed;

    c. All assets had to be valued at the replacement value;

    d. All currently monthly income had to be accurately stated;

    e. All disposable income had to be accurately stated; and

    f. All information could be audited.

20. Defendant also failed to provide Plaintiff with the statement required by 11 U.S.C. § 527(b).

21. Further, Defendant failed to provide Plaintiff with any of the written notices required by 11 U.S.C. § 528(b)(2)(A)-(B).

22. Plaintiff remitted an approximate total of $14,000.00 in funds to Defendant in monthly installments from approx. November 2020 to February 2024,

Page 4 of 11

Case 25-80007-CRJ    Doc 1    Filed 01/08/25    Entered 01/08/25 14:30:43    Desc Main
Document    Page 4 of 11

believing she was contributing money that would eventually go towards paying off her substantial unsecured debt.

23. Plaintiff was misled into thinking these payments would be pooled and paid to her creditors.

24. Instead, upon information and belief, Plaintiff's funds were placed in a "stored-value deposit account" maintained by Defendant.

25. Needless to say, Defendant's advertised debt settlement plan did nothing to reduce her unsecured debt, and she was forced to seek bankruptcy protection anyway which is what she was trying to avoid by using the promised services of the Defendant.

26. Upon information and belief, these funds remained in the account when Plaintiff filed for bankruptcy.

27. On February 16, 2024, Plaintiff sent a letter via certified mail demanding that Defendant "[r]efund the full dedicated account balance to [her] bank account ending in [XXXX]" and for damages in the "amount of $3,500.00."

**FIRST CLAIM FOR RELIEF**
*Avoidance of Fraudulent Transfers*

28. The allegations in ¶¶ 1-27 of this complaint are realleged and incorporated herein by reference.

29. 11 U.S.C. § 548(a)(1)(B)(i) allows the Bankruptcy Trustee to avoid a transfer of a debtor's interest in property that occurred within one year preceding the filing of the petition where as a result of such transfer the debtor "received less than a reasonably equivalent value in exchange for such transfer."

30. In this case, Plaintiff transferred approximately $14,000.00 to Defendant from November 2020 to February 2024.

31. Plaintiff filed her joint bankruptcy petition with this Court on April 29, 2024, meaning that approximately half of her monthly transfers occurred within the two-year period to the commencement of this case.

32. Plaintiff received far less than a reasonable equivalent value from these transfers in that Defendant did not provide any services in exchange for Plaintiff's payments.

33. Pursuant to 11 U.S.C. § 548(a)(1)(B)(i), these pre-petition transfers were fraudulent transfers made involuntarily by Plaintiff to Defendant and should be returned to the bankruptcy estate pursuant to § 541.

WHEREFORE, Plaintiff requests that her contract with Defendant be declared void; that all funds paid by Plaintiff to Defendant be repaid; that actual damages be awarded to Plaintiff; that all future conduct by Defendant be enjoined pursuant to § 526(C)(5)(a); that a civil penalty of at least $30,000.00 be imposed upon Defendant pursuant to § 526(C)(5)(b); and, that Defendant pay Plaintiff all reasonable costs and legal fees for its violation of § 526 of the Bankruptcy Code, with said fees computed at the rate of $450.00 per hour, the currently hourly rate for Plaintiff's attorney.

### SECOND CLAIM FOR RELIEF
*Violation of § 526 of the Bankruptcy Code*

34. The allegations in ¶¶ 1-33 of this complaint are realleged and incorporated herein by reference.

35. At all relevant times, Defendant was acting as a "debt relief agency" as defined by 11 U.S.C. § 101(12A).

36. At all relevant times, Plaintiff was an "assisted person" as defined by 11 U.S.C. § 101(3).

37. Defendant intentionally and/or negligently failed to comply with the provisions of § 526 of the Bankruptcy Code.

38. Defendant intentionally and/or negligently disregarded the material requirements of Title 11 of the United States Code and the Federal rules of Bankruptcy Procedure.

39. Wherefore, Plaintiff requests that her contract with Defendant be declared void; that all funds paid by Plaintiff to Defendant be repaid; that actual damages be awarded to Plaintiff; that all future conduct by Defendant be enjoined pursuant to § 526(C)(5)(a); that a civil penalty of at least $30,000.00 be imposed upon Defendant pursuant to § 526(C)(5)(b); and, that Defendant pay Plaintiff all reasonable costs and legal fees for its violation of § 526 of the Bankruptcy Code, with said fees computed at the rate of $450.00 per hour, the currently hourly rate for Plaintiff's attorney.

### THIRD CLAIM FOR RELIEF
*Violation of § 526 of the Bankruptcy Code*

40. The allegations in ¶¶ 1-39 of this complaint are realleged and incorporated herein by reference.

41. Defendant is a foreign corporation engaging in business in the State of Alabama.

42. Defendant violated Ala. Code Section 8-19-5(27) by engaging in actions that were unconscionable, false, misleading, and deceptive in its conduct with Plaintiff and Defendant failed to return all non-disbursed funds to Plaintiff per written request on February 16, 2024.

43. Furthermore, Defendant acted as an agent and received money as agent for the purpose of paying Plaintiff's debts as defined by Ala. Code § 8-7A-2 of the Alabama Monetary Transmission Act. This statute specifically states that any entity acting in this manner must apply for a license to do so with the Alabama Securities Commission.[1] Any intentional/knowingly violation of the Alabama Monetary Transmission Act is not only subject to civil penalties under § 8-7A-19 but is also felonious under § 8-7A-20. Thus, Defendant's actions were not only deceptive and unfair, but also criminal.

## FOURTH CLAIM FOR RELIEF
### *Breach of Fiduciary Duty and Self-Dealing*

44. Allegations in ¶¶ 1-43 of this complaint are realleged and incorporated herein by reference.

45. Defendant indicates in its contract with Plaintiff that a stored-value deposit account was established to hold the money remitted by Plaintiff.

46. Upon information and belief, Defendant was trustee of this account.

47. As trustee of this account, Defendant owed fiduciary duties to Plaintiff.

48. Defendant breached these fiduciary duties by self-dealing with the stored-value deposit account.

---

[1] Ala. Code § 8-7A-5.

49. This self-dealing occurred where Defendant paid itself in a yet-to-be-determined amount of fees from the account.

50. These fees were not earned by Defendant.

51. As a result of these breaches, Plaintiff has suffered actual damages and suffered emotional distress.

WHEREFORE, Plaintiff, having set forth her claims for relief against Defendant, respectfully requests:

A. That the pre-petition transfer of $14,000.00 (minus the to be determined amount which falls outside of the two-year window in which the Bankruptcy Trustee may avoid pursuant to 11 U.S.C. § 548(a)(1)(B)(i)) be avoided pursuant to 11 U.S.C. § 548.

B. That this Court order Defendant to pay additional actual damages in a sum to be determined by the Court for violation of the Alabama Deceptive Trade Practices Act pursuant to Ala. Code § 8-19-10, et seq., and that actual damages be trebled pursuant to Ala. Code § 8-19-10(a)(2).

C. That this Court order Defendant to pay punitive damages in order to deter Defendant from committing these acts in the future and based on the fact that these improper actions were committed while operating as a Debt Adjuster which is a criminal offense in the State of Alabama.

D. That the contract between Plaintiff and Defendant be declared void.

E. That all future conduct by Defendant be enjoined pursuant to 11 U.S.C. 526(c)(5)(A).

F.  That a civil penalty of at least $30,000.00 be imposed upon Defendant pursuant to 11 U.S.C. 526(c)(5)(B).

G.  That the Court award actual damages in an amount to be determined representing the fees charges and collected by Defendant from Plaintiff's account, less any amount refunded, and that these damages be trebled for each violation of the Alabama Deceptive Trade Practices Act.

H.  That this Court order Defendant to pay additional damages for the emotional distress created by Defendant's breach of its fiduciary duties owed to Plaintiff.

I.  That this Court order Defendant to pay all reasonable legal fees and expenses incurred by Plaintiff's counsel.

J.  And any further relief as this Court may deem just and proper.

Respectfully submitted,

Thomas F. Sykstus. Esq.
*BOND, BOTES, SYKSTUS & TANNER, P.C.*
225 Pratt Avenue NE
Huntsville, AL 35801
(256) 539-9899
tsykstus@bondnbotes.com
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above upon the following by priority mail, postage prepaid, this 8th day of January, 2025:

Freedom Debt Relief, LLC
1875 South Grant Street
Suite 400
San Mateo, CA 94402

——*and*——

Freedom Debt Relief, LLC
1875 South Grant Street
Suite 400
San Mateo, CA 94402

    **serve**:

        C. T. Corporation System
        2 North Jackson Street
        Suite 605
        Montgomery, AL 36104
        *Registered Agent for Freedom Debt Relief, LLC*